No. 83–7032. BOWDEN *v.* FRANCIS, WARDEN. C. A. 11th Cir. Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted. Judgment vacated and case remanded for further consideration in light of *Ake* v. *Oklahoma, ante*, p. 68.

JUSTICE O'CONNOR, with whom JUSTICE WHITE and JUSTICE REHNQUIST join, dissenting.

By its action today, the Court vacates the judgment of the Court of Appeals and remands this case for reconsideration in light of *Ake* v. *Oklahoma, ante*, p. 68. Because I believe that *Ake* is not applicable to the present case, I respectfully dissent.

Petitioner was convicted of murder and sentenced to death. Before trial, defense counsel filed a special plea of insanity and requested the appointment of a psychiatrist to examine petitioner. The trial court, after a hearing, found that the evidence suggesting petitioner's incompetency was insufficient to warrant a psychiatric examination. The court then advised defense counsel that it would proceed to summon a jury to try petitioner on the issue of competence to stand trial if petitioner wished to litigate his special plea of insanity. Counsel rejected the offer and withdrew the special plea. Petitioner subsequently took the stand at trial and testified coherently in his own behalf. After his conviction and sentence were affirmed on direct appeal, petitioner sought federal habeas relief arguing that the trial court should have granted the

requested psychiatric examination to determine his competency and that he also should have received the assistance of a psychiatrist to gather mitigating evidence.

The Court of Appeals affirmed the District Court's denial of habeas relief. 733 F. 2d 740 (CA11 1984). With respect to the trial court's refusal to order a pretrial examination, the Court of Appeals agreed with the Federal District Court and the state courts that petitioner had failed to present evidence raising a bona fide doubt as to his competency. As to psychiatric assistance to gather mitigating evidence, the Court of Appeals found no constitutional error because petitioner had not requested the state trial court to appoint a psychiatrist for that purpose. The petition before this Court renews the contentions that the trial court erred in not ordering a pretrial psychiatric examination and that petitioner was entitled to the assistance of a psychiatrist to present mitigating evidence. The Court of Appeals will be understandably confused by the Court's action in vacating the judgment and remanding for reconsideration in light of *Ake*. Because *Ake* does not suggest that the Court of Appeals erred in its disposition of this case, I would deny the petition for certiorari.